AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT
for the
Eastern District of Virginia

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*
DISCLOSURE OF PROSPECTIVE CELL-SITE DATA;
DISCLOSURE OF STORED TELECOMMUNICATIONS RECORDS;
AND INSTALLATION OF A PEN REGISTER/TRAP AND TRACE
DEVICE ON (213) 531-1603

)
)
)
)
)
)

Case No. 1:22-SW-389

**UNDER SEAL**

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
SEE ATTACHMENT A

located in the _____ District of _____ New Jersey _____ , there is now concealed *(identify the person or describe the property to be seized)*:
SEE ATTACHMENT B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 371; 18 U.S.C. § 1343; 18 U.S.C. §1341; 18 U.S.C. § 1349; 18 U.S.C. § 1029(b)(2) | Conspiracy to Commit Mail Theft (in violation of 18 U.S.C. § 1708); Wire Fraud; Mail Fraud; Conspiracy to Commit Mail Fraud, Conspiracy to Commit Wire Fraud, and Conspiracy to Commit Bank Fraud; and Access Device Fraud |

The application is based on these facts:
SEE AFFIDAVIT

☑ Continued on the attached sheet.
☑ Delayed notice of __30__ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Blake Frohnapfel, FBI Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
__telephone__ *(specify reliable electronic means)*.

Date: __07/07/2022__

Digitally signed by Ivan Davis
Date: 2022.07.07 16:18:04 -04'00'

_____
*Judge's signature*

City and state: Alexandria, Virginia

The Honorable Ivan D. Davis, U.S. Magistrate Judge
*Printed name and title*

## **ATTACHMENT A**

### PROPERTY TO BE SEARCHED

1. The cellular telephone assigned call number (213) 531-1603, with listed subscriber(s) Odyssey Wilhant ("TARGET CELL PHONE"), whose wireless service provider is T-MOBILE ("TELEPHONE SERVICE PROVIDER"), headquartered at Parsippany, New Jersey.

Records and information associated with the TARGET CELL PHONE that is within the possession, custody, or control of the TELEPHONE SERVICE PROVIDER.

## ATTACHMENT B

PARTICULAR THINGS TO BE SEIZED

I. **INFORMATION TO BE DISCLOSED BY THE PROVIDER**

To the extent that the information described in Attachment A is within the possession, custody, or control of the TELEPHONE SERVICE PROVIDER, including any information that has been deleted but is still available to the TELEPHONE SERVICE PROVIDER or that has been preserved pursuant to a request made under 18 U.S.C. § 2703(f), the TELEPHONE SERVICE PROVIDER is required to disclose to the government the following information pertaining to the TARGET CELL PHONE listed in Attachment A and its related account with the TELEPHONE SERVICE PROVIDER ("SUBJECT ACCOUNT"):

**A. The following information about the customers or subscribers associated with the SUBJECT ACCOUNT for the time period of 60 days preceding the date the Warrant is executed up to the present:**

1. Names (including subscriber names, user names, and screen names);

2. Addresses (including mailing addresses, residential addresses, business addresses, and e-mail addresses);

3. Local and long distance telephone connection records;

4. Records of session times and durations, and the temporarily assigned network addresses (such as Internet Protocol ("IP") addresses) associated with those sessions;

5. Length of service (including start date) and types of service utilized;

6. Telephone or instrument numbers (including MAC addresses, Electronic Serial Numbers ("ESN"), Mobile Electronic Identity Numbers ("MEIN"), Mobile Equipment Identifier ("MEID"); Mobile Identification Number ("MIN"), Subscriber Identity Modules ("SIM"), Mobile Subscriber Integrated Services Digital Network Number ("MSISDN"); International Mobile Subscriber Identity Identifiers ("IMSI"), or International Mobile Equipment Identities ("IMEI");

7. Other subscriber numbers or identities (including the registration Internet Protocol ("IP") address); and

    8. Means and source of payment for such service (including any credit card or bank account number) and billing records.

**B. The following historical stored telecommunications records associated with the SUBJECT ACCOUNT for the time period of 60 days preceding the date the Warrant is executed up to the present:**

1. All records and other information (not including the contents of communications) relating to wire and electronic communications sent or received by the SUBJECT ACCOUNT, including:

    a. The date and time of the communication, the method of the communication, and the source and destination of the communication (such as the source and destination telephone numbers (call detail records), email addresses, and IP addresses); and

    b. All available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the TARGET CELL PHONE.

**C. The following prospective data associated with the TARGET CELL PHONE for the time period of 30 days from the date of the Warrant (or the date the monitoring of the TARGET CELL PHONE's location becomes operational, whichever is later:**

1. Information associated with each communication to and from the TARGET CELL PHONE for a period of 30 days from the date of the Warrant or the date the monitoring equipment for the device's location becomes operational, whichever is later, during all times of day and night, including:

    a. Any unique identifiers associated with the cellular device, including ESN, MEIN, MSISDN, IMSI, SIM, or MIN;

    b. Source and destination telephone numbers;

    c. Date, time, and duration of communication; and

    d. All available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the TARGET CELL PHONE.

This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

## II.     INFORMATION TO BE SEIZED BY THE GOVERNMENT

All information described above in Section I that constitutes evidence, instrumentalities, or fruits of violations of 18 U.S.C. § 371 (Conspiracy to Commit Mail Theft, in violation of 18 U.S.C. § 1708),  18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. §1341 (Mail Fraud), 18 U.S.C. § 1349 (Conspiracy to Commit Mail Fraud, Conspiracy to Commit Wire Fraud, and Conspiracy to Commit Bank Fraud), and 18 U.S.C. § 1029(b)(2) (Access Device Fraud) (collectively, the "SUBJECT OFFENSES") involving ODYSSEY WILHOIT and others known and unknown.

Law enforcement personnel (who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, agency personnel assisting the government in this investigation, and outside technical experts under government control) are authorized to review the records produced by the TELEPHONE SERVICE PROVIDER in order to locate the things particularly described in this Warrant.